FILED
 2010 Feb-10  PM 02:46
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **TOMMY ANTHONY DOLAN,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 09-J-1420-NW |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social Security Administration**, | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on December 18, 2006, alleging an inability to work since November 1, 2004 (R. 41-44), due to back, neck and leg pain (R. 81).[1] The applications were denied by an Administrative Law Judge on July 8, 2008 (R. 15). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-3).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal

---

[1] At his hearing, the plaintiff amended his alleged onset date to December 16, 2006 (R. 23), which is after his date last insured for purposes of Disability Insurance Benefits. Thus, this court considers only the propriety of the denial of the application for Supplemental Security Income.

standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The medical evidence in the record at the time of the hearing demonstrates that the plaintiff has complained of ongoing low back pain since November 2004 (R. 148), and has been treated for this pain solely with Lorcet since that time (R. 105-109, 129-147, 216-218). These records also reflect diagnoses of high blood pressure and anxiety. *Id*. An MRI in August 2006 found the plaintiff to suffer from a small L5-S1 disc herniation, moderate right L5-S1 foraminal stenosis with impingement on the right L5 nerve root, a small to moderate left paracentral L2-3 disc herniation, a mild disc bulging other lumbar and the T12-L1 levels, and mild diffuse discogenic changes (R. 112). The plaintiff has been prescribed Lortab for pain, Valium or Xanax for anxiety, and Monopril for high blood pressure (R. 105, 216).

A consultative psychological examination in February 2007 concluded that the plaintiff was of average intelligence, that no anxiety was observed, and that his prognosis was good (R. 172-176). A consultative medical examination, also in February 2007, noted the plaintiff "does not act like someone with low back pain ... This is a pain-free examination except on supine SLR on left" (R. 179). Motor strength was 5/5 in all muscles tested (R. 180). The plaintiff could stand on either leg, toe and heel walk, squat and arise, and had full range of motion in all extremities (R. 179). That examiner, Dr. M. Clarke Woodfin, Jr., concluded that "if [the plaintiff] avoids frequent bending and heavy lifting he should get along fairly well" (R. 180). Dr. Woodfin also stated that sitting and walking "are

per his admission," assumably meaning he accepted as true plaintiff's allegations of being able to sit for 15-20 minutes and walk one-quarter mile (R. 178, 180).

Based on his review of the evidence, the ALJ determined that the plaintiff suffered from the severe impairments of chronic obstructive pulmonary disease, hypertension, anemia, degenerative arthritis, and degenerative disc disease of the lumbar spine (R. 11). The ALJ found that the plaintiff could not return to his past work, which was in the "heavy" exertional range, but that the plaintiff could perform a full range of sedentary work activities. The ALJ considered the plaintiff's date of birth of November 17, 1965 (R. 23), his sixth grade education (R. 23-24), and his ability to perform sedentary work and, applying Medical-Vocational Rule 201.25, concluded that the plaintiff was not disabled at any time through the date of his decision (R. 14-15).

The plaintiff argues that the ALJ's determination that the plaintiff could perform a full range of sedentary activity was arbitrary and unsupported by any evidence in the record. Plaintiff's brief at 3. The court disagrees. The only specific limitation contained in the entire record is Dr. Woodfin's suggestion that the plaintiff avoid frequent bending and heavy lifting. In the physical activities questionnaire completed by the plaintiff, he stated he could sit for one hour at a time and stand for two hours at a time[2] (R. 89, 94). At his hearing, the plaintiff stated he could only do manual work because of his lack of education, and not because of limitations with sitting or standing (R. 28, 30).

---

[2] Although before his amended alleged onset date, upon an emergency room visit in September 2006 for back pain, the plaintiff received a work excuse for one day off work, with the notation "no heavy lifting" written under it (R. 161).

Similarly, while there is objective medical evidence of an underlying medical condition, as argued by the plaintiff (plaintiff's brief at 6), there is no objective medical evidence confirming pain so severe that the plaintiff is prevented from performing all substantial gainful employment. The ALJ found plaintiff's allegations of pain credible to the point of finding that the plaintiff could not return to his past relevant work, and that the plaintiff was reasonably limited to sedentary work. However, the record as a whole provides no objective medical basis for any limitation from all work, and the ALJ did not find any such limitation. Additionally, plaintiff's treating physician's records note on April 30, 2008, that "Pain has stayed @ same level, but is well controlled w/ meds" (R. 216).

Lastly, the plaintiff asserts that the ALJ failed to establish other work in the national economy which the plaintiff could perform. Plaintiff's brief at 10. However, there is no evidence in the record which suggests that the plaintiff could not perform a full range of sedentary work activities. As such, 20 C.F.R. Pt. 404, Subpart P, App. 2, Rule 201.25 requires a finding of not disabled. *See e.g, Perry v. Astrue* 280 Fed.Appx. 887, 896 (11th Cir.2008), citing *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir.1985) ("Because the clinical evidence in the record as well as the subjective statements of [plaintiff's] doctors provide substantial evidence that his non-exertional impairments would not significantly limit his ability to perform sedentary work, the ALJ correctly relied on the grids to determine that Perry was not disabled"). *See also Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir.1992) ("the grids may still be used if none of the non-exertional impairments are so severe as to prevent a full range of employment at a certain level").

Given the evidence presented to the ALJ and this court, the court cannot find the decision of the ALJ was against the weight of the evidence. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 10th day of February, 2010.

                                              INGE PRYTZ JOHNSON
                                              U.S. DISTRICT JUDGE